IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS R. GALLOWAY, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-691 |
| | ) | |
| v. | ) | Judge Nora Barry Fischer/ |
| | ) | Magistrate Judge Maureen P. Kelly |
| WESTMORELAND COUNTY COURT | ) | |
| (CRIMINAL DIVISION), | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA"), the Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### II. REPORT

Thomas R. Galloway, Jr., Inmate Number JY-8603, ("Plaintiff") was, at the time of initiating this suit, incarcerated at the State Correctional Institution in Camp Hill ("SCI-Camp Hill"). He has named, as the sole defendant, the Court of Common Pleas of Westmoreland County.

In his Complaint, Plaintiff complained that the Westmoreland County Court of Common Pleas violated his federal constitutional rights in the case of Commonwealth v. Galloway, No. CP-65-CR-0001174-2010, when Plaintiff was not brought to trial within 180 days of his arrest, as is required by Pa.R.Crim.P. No. 600. ECF No. [3] at 2, ¶ IV.C.

Plaintiff is proceeding *pro se* and has been granted *in forma pauperis* ("IFP") status. ECF No. [2].

This action should be dismissed with prejudice on two grounds. First, Plaintiff has filed a substantially similar lawsuit, *i.e.*, Galloway v. Westmoreland County Court, No. 11-cv-18 (W.D. Pa.) ("the first lawsuit") which was dismissed for failure to state a claim. This current lawsuit is duplicative and, therefore, frivolous or malicious. Second, the Westmoreland County Court of Common Pleas is entitled to Eleventh Amendment immunity from suit and so, the Complaint fails to state a claim against the sole Defendant.

**A. Applicable Standard**

Because Plaintiff is a prisoner proceeding IFP, who seeks redress from a governmental entity, the screening provisions of 28 U.S.C. §§ 1915(e) and 1915A apply. Under these screening provisions, a court is required to *sua sponte* dismiss a complaint, filed by a prisoner, if the complaint fails to state a claim upon which relief can be granted or if the complaint is frivolous. See, e.g., Nieves v. Dragovich, No. CIV.A.96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997), aff'd, 175 F.3d 1011 (3d Cir. 1999) (Table). When reviewing a complaint under these screening provisions to determine if the complaint fails to state a claim upon which relief can be granted, a federal district court must apply the same standard applied to motions to dismiss under Fed.R.Civ.P. 12(b)(6). See, e.g., Tucker v. Angelone, 954 F.Supp. 134, 135 (E.D. Va.), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing complaints as mandated by these screening provisions and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). However, a court need not accept

as true any legal averments or conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986). Dismissal is proper under Rule 12(b)(6) where a court determines that the facts alleged, taken as true, fail to state a claim as a matter of law, see, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000), or, do not state a claim that is "plausible." See, e.g., Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937 (2009).

Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. §§ 1915(e) and 1915A are the same as under a 12(b)(6) motion, the court may consider matters of which it may take judicial notice under 28 U.S.C. §§ 1915(e) and 1915A. See, e.g., Lloyd v. U.S., No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

Furthermore, because Plaintiff is *pro se*, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

**B. Discussion**

The general rule is that "[r]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997) (quotation marks and alteration omitted). Here, the instant suit is clearly repetitious of the first suit.

3

In the first lawsuit, Plaintiff named as one of the two defendants, "the Westmoreland County Court" and complained that the "Court violated Rule 600 by dening [sic] bond at 180 day for violating sixth amendment, due diligence was not argued. Computation time was Feb. 23 to Aug. 30, the denial of defendant['s] Sixth Amendment shows the malicious infringement of due process right for speedy trial[.]" Galloway v. Westmoreland County Court, No. 11-cv-18 (W.D. Pa. ECF No. [3] at 3). In the case at issue, Plaintiff complains of the very same alleged violations and again names the Westmoreland County Court of Common Pleas as a defendant. Hence, the Court finds that the case at issue is substantially duplicative of the first case and must be dismissed as frivolous or malicious.

Secondly, and in the alternative, the Complaint must be dismissed for failure to state a claim upon which relief can be granted because the Westmoreland County Court of Common Pleas is entitled to Eleventh Amendment immunity from suit. See, e.g., Keisling v. Renn, __ F.3d. __, __, 2011 WL 1632955, at *2 (3d Cir. May 2, 2011).

Plaintiff alleged a violation of his "Due Process, 6th and 14 Amendment [rights and a ] . . . speedy trial violation[.]" ECF No. [3] at 2, ¶ 3. Although the Complaint does not specifically invoke 42 U.S.C. § 1983, a liberal reading of the Complaint requires us to infer that Plaintiff is suing the Defendant under Section 1983. Accordingly, the court construes the Complaint to be bringing a claim arising under the Civil Rights Act of 1871, codified at 42 U.S.C. § 1983 ("Section 1983"). Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001)("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981) (where a federal statute governing civil action for deprivation of rights provides a remedy, i.e., 42 U.S.C. § 1983,

an implied cause of action grounded on Constitution is not available), overruling on other grounds as recognized in, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986).

As the Court of Appeals for the Third Circuit recently explained:

> Nor did the District Court err in concluding that the Supreme Court of Pennsylvania and the York County Court of Common Pleas are entitled to immunity under the Eleventh Amendment. *See, e.g., Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir.2005). While states can waive their Eleventh Amendment immunity, *see Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 168 (3d Cir.2002), Pennsylvania has not done so, *see* 42 Pa. Cons.Stat. § 8521(b). Moreover, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of § 1983, the federal law under which Keisling proceeds. *See Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

Keisling v. Renn, 2011 WL 1632955, at *2. Accordingly, because the Court of Common Pleas of Westmoreland County is entitled to Eleventh Amendment immunity from suit, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted. See also Banks v. Court of Common Pleas FJD, 342 F.App'x 818, 820 (3d Cir. 2009) ("In *Benn v. First Judicial District*, 426 F.3d 233, 240-41 (3d Cir.2005), we ruled that state courts, as state entities, are entitled to immunity from suit in federal court pursuant to the Eleventh Amendment."). This Eleventh Amendment immunity from suit for the State and its alter ego, the Court of Common Pleas, applies regardless of the relief sought. Id., n.1 ("a State cannot be sued directly in its own name regardless of the relief sought.") (quoting Koslow v. Pennsylvania, 302 F.3d 161, 165-68, 178 (3d Cir. 2002)).

### III. CONCLUSION

For the reasons set out in this Report, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice as any amendment would be futile and/or inequitable.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, objections to this Report and Recommendation are due by September 2, 2011. Failure to file objections by this date will constitute a waiver of any appellate rights. <u>Brightwell v. Lehman</u>, 637 F.3d187, 193 n.7 (3d Cir. 2011).

August 16, 2011 <span style="float:right">s/Maureen P. Kelly<br>Maureen P. Kelly<br>United States Magistrate Judge</span>

cc: Nora Barry Fischer
 United States District Judge

 THOMAS R. GALLOWAY
 JY 8603
 SCI Camp Hill
 P.O. Box 200
 Camp Hill, PA 17001-0200