# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS R. GALLOWAY, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-691 |
| | ) | |
| v. | ) | Judge Nora Barry Fischer/ |
| | ) | Magistrate Judge Maureen P. Kelly |
| WESTMORELAND COUNTY COURT | ) | |
| (CRIMINAL DIVISION), | ) | |
| | ) | |
| Defendant. | ) | Re: ECF No. 18 |

## ORDER

Thomas R. Galloway ("Plaintiff"), a prisoner, was granted *in forma pauperis* ("IFP") status in order to pursue a civil rights complaint, which was dismissed pre-service. Plaintiff has now filed a "Petition to Vacate Initial Partial Filing Fee [and] 20% of Monthly Account" ("Petition"). ECF No. 18. In this Petition, Plaintiff makes several complaints. First, he complains that the Department of Corrections officials are taking money from "each jpay [and] not 20% of monthly income which is clearly stated on authorization motion." ECF No. 18 at 1, ¶ 2. In fact, Plaintiff authorized the custodian of his account to "set aside and accrue/**freeze** on a monthly basis twenty percent (20%) of the preceding month's deposits credited to my account." ECF No. 4 at 1 (emphasis added). Thus, the custodian was authorized to freeze 20% of each deposit made during a month. This language was chosen in part because of the experience of Courts that whenever prisoners would receive income, they would immediately buy commissary items so as to deplete their account and leave nothing available to pay their obligations. Thus, the fact that the custodian of Plaintiff's account freezes 20% of each "jpay" or deposit is in conformity with the authorization Plaintiff signed.

Second, Plaintiff complains that after he pays his filing fee obligations, he does not have enough funds to take care of other needs and so he does not have the ability to continue to pay his filing fee obligations. ECF No. 18 at 2, ¶¶ 3 to 6. By way of relief, Plaintiff seeks not only to stop the deductions going forward but to have monies already deducted returned to him.

The law is clear: the rule is that portions of fees paid already cannot be refunded and that the remaining balance of the debt which Plaintiff incurred by seeking to proceed *in forma pauperis* and being granted that status cannot be forgiven or negated. Goins v. Decaro, 241 F.3d 260, 261-62 (2d Cir. 2001)("("The [Prison Litigation Reform Act of 1995] makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the event that an appeal is withdrawn."). Accord Brown v. Pennsylvania Dept. of Corrections, 271 F.App'x 280, 283 n.3 (3d Cir. 2008). See also Porter v. Dept. of Treasury, 564 F.3d 176, 180 n.4 (3d Cir. 2009) ("We emphasize that, once the Court has granted a prisoner leave to proceed IFP in an appeal governed by the PLRA, the prisoner is obligated to pay the fees in full."). Plaintiff will not be receiving a refund and he will continue to have the monies for the remaining balance deducted from his account until payment in full is received. Accordingly, the Petition is DENIED.

AND NOW this 30th day of January 2012, Plaintiff's Petition is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


cc: Nora Barry Fischer
United States District Judge


THOMAS R. GALLOWAY
JY 8603
SCI Camp Hill
P.O. Box 200
Camp Hill, PA 17001-0200